## ROGERS *vs.* ROGERS.

1. The charges of the court excepted to in this case cannot be considered, because they embrace more points than one, and error is not sufficiently specified therein.

(a.) The exception to the charge as a whole does not state wherein it is erroneous, and is too general.

2. The requests to charge not being in writing, a failure to charge them will not require a reversal.

3. The exception to the decree specifies no error therein.

4. The decree asked for by the plaintiff in error did not follow the verdict, inasmuch as it directed execution to issue for $600.00, and the finding was that promissory notes were to be given therefor.

5. Where a bill sought to have a deed cancelled or another made back to complainant by defendant, a cross-bill, which alleged that

such deed had been wrongfully taken possession of by complainant at the death of defendant's mother, and prayed that it be delivered to defendant, should not have been dismissed on demurrer.

(*a.*) While the precise equity of this case may not have been reached, yet the rulings of the court below not having been brought before this court in such manner as to be reviewed, a reversal will not be granted. especially as substantial justice, if not fully secured, was so nearly approximated as not to outrage a court of equity.
February 24, 1885.

Practice in Supreme Court. Charge of Court. Equity. Cross-bills. Before Judge WILLIS. Harris Superior Court. October Term, 1884.

W. P. Rogers filed his bill against George W. Rogers, alleging, in brief, as follows : Complainant was the owner of a tract of land, and had caused it to be set apart to him as a homestead. He agreed to sell it to the defendant, who was his son, for $600.00, and take his notes due at the rate of $100.00 per year for six years. He made a deed to defendant, which was put upon record, but defendant failed and refused to make the notes. Subsequently the trade was rescinded, and defendant delivered up the deed, but he refused to make any re-conveyance to complainant, though he had delivered up the possession both of the land and of the deed. There was no order permitting the sale of the homestead. Defendant is insolvent. The prayer was that defendant be compelled to make a re-conveyance to complainant, and for general relief.

Defendant answered, in brief, as follows : The land in dispute had been set apart as a homestead, but there were no minor children when the deed was made, defendant, who was the youngest, being of age. The only remaining beneficiary was defendant's mother, but the deed was made with her consent, and she has since died. Complainant was indebted to defendant, and the deed was made partly in payment of this debt and partly as an advancement. After it was so made, defendant left it with his mother to keep, as she was entitled to the use of the

land for life.    After her death, complainant got possession
of it from among her effects.    Defendant denies any re-
scission of the trade..    By way of cross-bill, he prayed
that the complainant be required to deliver the deed and
the possession of the land to him.

On the trial, special questions were submitted to the
jury, who found, in effect, that the defendant purchased
the land, and was to give notes to the amount of $600.00;
that he had never paid the debt; that the trade was never
rescinded, but the complainant obtained the deed after the
death of defendant's mother, who had it to keep. . The
chancellor entered a decree that complainant was not en-
titled to recover, and that the deed be delivered to defend-
ant.    By consent, he decreed that complainant be per-
mitted to remain in possession during his life.    Complain-
ant excepted, and assigned the following, among other
rulings, as error:

(1.) Because the court gave certain charges.    [The bill
of exceptions recites that the court charged as follows:  It
then copies about two pages of the charge, covering sev-
eral points, and this was assigned as error.]

(2.) Because the court charged as follows:  "Something
has been said to you by both sides in reference to the pos.
session of this land—turning the old man out of the pos-
session of this land.    That is a question, gentlemen, that
you have nothing to do with.    The court, when it comes
to render a decree, will take care of the possession of this
property as, in its opinion, the law requires should be
done, and it is not for your consideration."

(3.) Because the entire charge was erroneous.

(4.) Because the court refused to enter a decree to the
effect that complainant recover of defendant $600.00; that
execution issue for the same; that the deed be delivered
to defendant; and that complainant retain the land as a
homestead; and instead entered the decree stated above.

.A. A. DOZIER; C. J. THORNTON, for plaintiff in error

Rogers vs. Rogers.

PEABODY & BRANNON, for defendant

JACKSON, Chief Justice.

1. The charges of the court excepted to in this case can-
not be considered, because they embrace more points than
one, and error is not sufficiently specified thereon.   The
exception to the charge as a whole does not state wherein'
it is erroneous, and is still further from specifically assign-
ing error.   The charge in regard to the possession of the
land was right, inasmuch as no question touching it was
embraced in the questions put to the jury in writing by the
court, and none other than those put was requested to be
submitted by the plaintiff in error.

2. The requests to charge were not in writing, and there-
fore there was no error in not charging them.

3. The exception to the decree specifies no error therein,
and none is specifically assigned.

4. The decree asked for by the plaintiff in error did not
follow the verdict, inasmuch as it directed execution to
issue for six hundred dollars, when the finding was that
promissory notes were to be given therefor.

5. The cross-bill should not have been dismissed on de-
murrer.   Among other things, it set up that the deed,
which complainant prayed should be cancelled, or another
made back to complainant by defendant in lieu of it, had
been wrongfully taken possession of by complainant at
the death of defendant's mother, and defendant asked that
it be delivered to him.   As an answer, it should have been
retained, and where it prayed for that relief, it was good as
a cross-bill.

We do not see that the precise equity of this case has
been reached by the mode of trial, the verdict and the
decree rendered; but plaintiff in error asked for no other
question to be submitted to the jury than those passed
upon; he made no motion for a new trial; he specifies no
errors in the decree, in accordance with the repeated de-

cisions of this court; he makes no specific exceptions to the charge as a whole, nor does he set out wherein other large segments of it are erroneous; and we are thus powerless legally to redress any wrong inflicted upon him. We are gratified that no great wrong has been done, if any, by the result, and that the.father, the complainant, retains the land as long as he lives, by the decree rendered, and only at his death is the possession to be his son's, the defendant's, and thus the sum and substance of real justice between them, if not fully reached, has been so nearly approximated as not to outrage, to say the worst, a court of equity.

Judgment affirmed.